UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-288-CIV-MORENO/TURNOFF

UNITED STATES OF AMERICA,   TRACT NO. 602-06
                            (EAST EVERGLADES)
    Plaintiff,

vs.

500.00 ACRES OF LAND, MORE OR LESS,
IN THE COUNTY OF DADE, STATE OF
FLORIDA; and SOUTH FREE INVESTMENT, INC.,
et al., and Unknown Owners,

    Defendant.
_____/

**STIPULATED JUDGMENT AS TO
JUST COMPENSATION AND FINAL
<u>ORDER OF DISTRIBUTION</u>**

Pursuant to this stipulation, signed and jointly filed herein by the Plaintiff, United States of America, and the Defendant, South Free Investment, Inc., in settlement of all claims, **IT IS HEREBY ORDERED AND ADJUDGED,** that:

1. The full and just compensation payable by the Plaintiff for the taking of the stated interests in the property identified in the Complaint in Condemnation Pursuant to Declaration of Taking, filed herein, together with all improvements thereon and appurtenances thereto belonging, shall be the sum of $1,200,000.00 which sum is all inclusive.

2. Judgment shall be, and is hereby, entered against the United States of America in the amount of $1,200,000.00.

3. At the time that this instant action was filed, Plaintiff deposited the total sum of $1,016,000.00 (D.E. #43) into the Registry of the Court, and upon deposit of said $1,016,000.00 into the Registry of the Court, title to the subject property, more fully described in the Complaint, to the extent set forth in the Declaration of Taking, vested in the name of the United States of America, by operation of law. The United States of America was, additionally, found by this Court to be entitled to immediate possession of said land, and all persons in possession or control of the subject property were ordered by this Court to surrender possession of the subject property to the United States of America. On November 6, 2002, Plaintiff deposited an additional $184,000.00 (D.E. #90) into the Registry of the Court, bringing the total amount deposited to $1,200,000.00.

4. The said sum of $1,200,000.00 shall constitute full and just compensation and shall be in full satisfaction of any and all claims of whatsoever nature against the United States of America by reason of the institution and prosecution of this action and taking of the said land, and all appurtenances thereto belonging.

5. The said sum of $1,200,000.00 shall be subject to all real estate taxes, liens, encumbrances, and charges of whatsoever nature existing against the said property at the time of vesting of title thereto in the United States of America, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable and deductible from the said sum.

6. On February 28, 2001, this Honorable Court entered an Order granting the Motion for Withdrawal of Estimated Just Compensation (D.E. # 59), and the initial deposit

of $1,016,00.00 was paid to Defendant. On June 21, 2006, this Honorable Court entered an Order granting the Joint Motion for Withdrawal of Estimated Just Compensation (D.E. #93) and the remaining amount on deposit was paid to Defendant. The Clerk of the Court shall, without further order of this Court, disburse any remaining amount on deposit, along with any interest earned on the just compensation which was deposited into the Registry of the Court, as follows: _____, without accrued interest to the Miami-Dade County Tax Collector for real estate taxes due and owing on the property at the time title vested in the United States of America.  Any amount remaining on deposit thereafter shall be paid to Defendant by check made payable to the order of Alvarez, Armas & Borron Trust Account with accrued interest.

7. The Defendant, South Free Investment, Inc., has warranted that it was the owner of the subject property on the date of taking; that it had the exclusive right to the compensation, herein, excepting the interests of parties having liens, encumbrances of record, and unpaid taxes and assessments, if any; and that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

8. In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the property taken in this case, the Defendant, South Free Investment, Inc., shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the

3

Federal Reserve System, calculated in accordance with the provisions of Public Buildings Property and Works, 40 U.S.C. § 3116 (2006), from the date of receipt of the deposit by the Defendant to the date of repayment into the Registry of the Court.

9. The Defendant, South Free Investment, Inc., shall save and hold harmless the United States of America from all claims or liability resulting from any unrecorded leases or agreements affecting the subject property on the date of taking.

10. The parties shall be responsible for their own legal fees, costs, and expenses; including attorneys' fees, consultant's fees, and any other expenses or costs.

11. The signatory parties hereto shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all orders and judgments necessary to effectuate this stipulated judgment.

12. All pending motions in this case are **DENIED** as **MOOT** and this case is hereby **CLOSED**.

**DONE AND ORDERED**, in chambers, at Miami, Miami-Dade County, Florida, this _____ day of ___February___, 2010.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

cc: Clerk of Court/Financial Section
Service List